**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOR MNATSAKANYAN, | No. 09-71360 |
| Petitioner, | Agency No. A099-896-420 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2010
San Francisco, California

Before: SCHROEDER and W. FLETCHER, Circuit Judges, and MOODY, District
Judge.[**]

Gor Mnatsakayan, a native and citizen of Armenia, seeks review of the

denial of asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James Maxwell Moody, Senior United States District
Judge for the District of Arkansas, sitting by designation.

Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") denied relief on the basis of an adverse credibility finding. We must uphold an adverse credibility finding so long as it is supported by substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). The provisions of the REAL ID Act govern our review. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

Mnatsakayan claims Armenian security officials persecuted him on account of his father's involvement in opposition politics. Petitioner claims he was beaten on one occasion because he did not provide information about his father's political activities. Although Petitioner was ably represented in this court by counsel from the University of Idaho, we must conclude that substantial evidence supports the adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1043-44 (9th Cir. 2010).

The BIA accurately pointed to several inconsistencies in the record that undermine Petitioner's credibility. They included, among others, Petitioner's testimony that he brought a medical report with him to the United States documenting the injuries he suffered at his interrogation, but an Armenian notary stamp on the document was dated several months after Petitioner came to the United States. Also, for example, Petitioner could not name the political party his

2

father supported despite knowing other specifics of his father's activities.
Petitioner failed adequately to explain these and other inconsistencies in his story.
*See id.*

The petition for review is DENIED.